# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY WOODARD, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00078 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CARL K. HESTER, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Timothy Woodard, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 convictions in the Danville City Circuit Court. Woodard alleges that counsel provided ineffective assistance. I conclude that Woodard did not fully exhaust his state court remedies before filing this federal habeas petition and, therefore, will dismiss this action without prejudice.

**I.**

On August 30, 2011, the Danville City Circuit Court convicted Woodard of felony murder, distribution of ecstasy, and possession with the intent to distribute ecstasy. The court sentenced Woodard to thirty-five years of incarceration, with twenty-one years suspended. Woodard appealed and the Court of Appeals of Virginia vacated his felony murder conviction, but denied the appeal as to the drug convictions. Woodard appealed and the Supreme Court of Virginia affirmed the Court of Appeals on February 27, 2014. According to his petition, and confirmed by state court records found online, Woodard has not filed a habeas petition concerning his convictions in any state court.

**II.**

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. *Preiser v. Rodriguez*,

411 U.S. 475 (1973). If a petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court, before a federal district court may consider his claims. *See* Va. Code § 8.01-654. In this case, it is clear that Woodard has yet to pursue his instant claim in the Supreme Court of Virginia. Accordingly, I conclude that Woodard's petition is unexhausted.

### III.

Based on the foregoing, I will dismiss Woodard's habeas petition, without prejudice, as unexhausted.

ENTER: This 2nd day of April, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE